IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-458-BO

CAITLYN LOCKWOOD,)
)
Plaintiff,)
)
v.) ORDER
)
KILOLO KIJAKAZI,)
*Acting Commissioner of Social Security*)
Defendant.)

This cause comes before the Court on cross motions for judgement on the pleadings [DE 17, 21]. A hearing was held on the matter by the undersigned on November 13, 2022[1] in Raleigh, North Carolina. For the reasons that follow, plaintiff's motion is GRANTED, and defendant's motion is DENIED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner's decision to deny her application for disability insurance benefits and supplemental security income under to Title II and Title XVI of the Social Security Act. Plaintiff protectively filed an application for disability insurance benefits and supplemental security income, alleging a disability onset date of September 1, 2017. After initial denials, plaintiff had a hearing before an Administrative Law Judge (ALJ) on July 2, 2019. The ALJ issued an unfavorable decision and, on June 26, 2020, this became the final decision of the Commissioner of Social

---

[1] The hearing was held by videoconference.

Security when the Appeals Council denied plaintiff's request for review. Plaintiff was 25 years old at her date of onset and 27 years old at the time of the ALJ's decision.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged date of onset. At step two, the ALJ determined that plaintiff had the following severe impairments: chronic lymphedema, hypothyroidism, obesity, polycystic ovarian syndrome, and depressive disorder. At step three, the ALJ found that none of the impairments or the combination of impairments met a disability Listing. The ALJ stated that plaintiff had the RFC to perform a limited range of sedentary work with the following limitations:

> [She] can lift and/or carry up to ten pounds occasionally and less than ten pounds frequently; she can sit for up to six hours, stand for up to two hours, and walk for up to two hours in an eight-hour workday; she can push and/or pull as much as she can lift and/or carry; she can handle and finger items frequently with her left and right hand; she can climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds; kneel occasionally; crouch occasionally; she can work at unprotected heights occasionally; around moving mechanical parts occasionally; the claimant can operate a motor vehicle occasionally; she can work in extreme cold and heat occasionally; further, the claimant is able to perform simple, routine, and repetitive tasks, but not at a production rate pace (e.g., assembly line work); she is able to interact with supervisors frequently; she can occasionally interact with coworkers and the public; and her time off task can be accommodated by normal breaks.

3

Administrative Record 18-25. At step four, the ALJ found that plaintiff was unable to perform her past relevant work activities. At step five, the ALJ found that there were significant numbers of jobs in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Act.

Plaintiff argues that the ALJ failed to identify plaintiff's fibromyalgia as a medically determinable impairment and that the RFC is not supported by substantial evidence. The Court finds in this case that the ALJ's determination is not supported by substantial evidence. The medical evidence indicates that plaintiff was being treated for fibromyalgia, which caused a burning sensation in her hands, arms, shoulders, and collar bone. Plaintiff was prescribed gabapentin in order to address those symptoms.

The ALJ indicated that plaintiff's testimony that she had been diagnosed for fibromyalgia was not consistent with the medical records. As the Fourth Circuit Court of Appeals acknowledged, the "symptoms [of fibromyalgia] are entirely subjective, with the exception of trigger-point evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 96 (4th Cir. 2020) (quotations omitted). Further, fibromyalgia symptoms are difficult to pinpoint, as they wax and wane, often presenting as diffuse and vague pain. *See id.* at 91. Plaintiff's primary care physician, Kelly Redden, and rheumatologist Shazia Shadani wrote notes about how plaintiff's symptoms were consistent with fibromyalgia. The fact that fibromyalgia often defies objective testing, coupled with the medical evidence that plaintiff was being treated for the symptoms of fibromyalgia, indicates that the ALJ failed to evaluate the unusual pattern of fibromyalgia against SSR 12-2p.II.B when considering plaintiff's severe impairments. *See* Social Security Ruling (SSR) 12-2p, 2012 WL 3104869 (S.S.A.). Thus, the ALJ's conclusion was not supported by substantial evidence.

4

In addition to failing to consider plaintiff's fibromyalgia in evaluating plaintiff's RFC, the ALJ failed to fully consider the impact of plaintiff's chronic lymphedema. Plaintiff suffers from extreme swelling in her legs and feet, such that she cannot drive, stand, or walk for long periods of time. She takes medication and has had multiple laser treatments, which only partially alleviate her symptoms. She must use a lymphedema pump for multiple hours a day, which would necessarily impact her ability to perform sustained sedentary work on a regular schedule. The ALJ made a judgement about the severity of plaintiff's symptoms based on the fact that plaintiff had not sought extensive or emergency treatment for this condition. However, plaintiff's lack of health insurance, finances, and lack of ability to independently handle her daily chores undermine the ALJ's use of this fact in determining that plaintiff wasn't disabled due to lymphedema. This conclusion, as well, was thus not supported by substantial evidence.

Given the combination of determinations made by the ALJ that were not supported by substantial evidence, the Commissioner's decision must be reversed.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate because the ALJ's decision is not supported by substantial evidence. Accordingly, plaintiff's motion for judgement on the pleadings [DE 17] is GRANTED. Defendant's motion [DE 21] is DENIED. The decision of the Commissioner is REVERSED, and the matter is remanded for an award of benefits.

SO ORDERED, this $27$ day of February 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 5:20-cv-00458-BO   Document 29   Filed 02/28/22   Page 5 of 5